IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT BOONE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | CV-21-29-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on a document filed by state pro se prisoner Robert Boone entitled "Petition for Equitable Tolling Pursuant to 28 USCS § 2244(d)(1) or Extension of Time to File Federal Habeas Petition." (Doc. 1.) For the reasons discussed below, this matter should be dismissed.

**I.      Motion to Proceed in Forma Pauperis**

Mr. Boone seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, it appears Mr. Boone has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

//

1

**II.     Analysis**

Mr. Boone was convicted of Sexual Intercourse without Consent in Montana's Eighth Judicial District Court, Cascade County. (Doc. 1 at 1.)[1] He appealed his conviction; in February of 2020, the Montana Supreme Court affirmed. *Id.*

Mr. Boone is currently incarcerated at the Crossroads Correctional Center ("CCC"). He indicates that his access to the library and legal research materials, including Lexis Nexis, was initially limited to no more than three hours per week. *Id.* at 1-2. As a result of facility lockdowns in response to COVID-19, beginning in March of 2020, access to legal research and materials was limited even further. Inmates were denied access altogether or, in the best case, afforded access to legal research materials for 45 minutes per week. *Id.* at 2-3. During this same time-period, Mr. Boone was attempting to prepare and file his state postconviction petition. *Id.* at 3. The restrictions made it nearly impossible for Mr. Boone to prepare his state postconviction petition. In the beginning of 2021, CCC began lifting the lockdown restrictions and also started allowing inmates access to Wi-Fi. *Id.* at 3-4. Mr. Boone indicates that he is seeking an extension of time in which to file his state postconviction petition. *Id.* at 4. Given these circumstances, Mr.

---

[1] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3006333/ (accessed March 19, 2021).

Boone indicates the possibility that he may receive a decision on his state postconviction petition and/or appeal, and only have days in which to file his federal habeas corpus petition. *Id*. Further, he contends that all of the lockdown procedures constitute an impediment to effectuate timely filing. *Id*. Accordingly, Mr. Boone requests that this Court either prospectively toll his federal filing deadline or, alternatively, grant him an extension of time in which to file his 28 U.S.C. § 2254 petition.

    The problem with Mr. Boone's filing is that he has not set forth any grounds that this Court could construe as a claim(s) for relief against his state conviction. What he has filed, either read as a "petition for equitable tolling" or a motion for extension of time, does not confer jurisdiction to this Court over Mr. Boone's claims. See e.g., Rule 2( c) of the Rules Governing Section 2254 Cases, (explaining that the petition, among other filing requirements, must: specify all grounds for relief available to petitioner; state the facts supporting each ground; and, state the relief requested); see also, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Dismissal should be **without prejudice**, allowing Mr. Boone to return to this Court if and when he fully exhausts the claims relative to his current custody.

    **III.    Certificate of Appealability**

    "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Because Mr. Boone has not set forth any constitutional claims, he has not made a corresponding substantial showing that he was deprived of a constitutional right. Further, because this Court lacks jurisdiction, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Boone's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Boone's Petition (Doc. 1) should be DISMISSED without prejudice for lack of jurisdiction.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Boone may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Boone must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 30th day of March, 2021.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Boone is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.